UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Calvin Thomas King, | Civ. No. 17-5264 (JRT/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Minnesota; D.O.C.; Lindsey Jennelle; Deborah MacNeil; Susan Norton; Amanda Anthony; John Quist; Corey Anderson; Lind Nacole; Jason Hills; Bob Martin; Jason Smith; Doug Witte; Jeff Austrong; DOC Oak Park; DOC Stillwater; and Lori Korte, | |
| Defendants. | |

---

Plaintiff Calvin Thomas King did not pay the filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* Doc. No. 2. King's IFP application is now before the Court and must be addressed before any other action is taken in this matter.

Because King is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> > (A) the average monthly deposits to the prisoner's account; or

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute—which is part of the Prison Litigation Reform Act of 1995 ("PLRA")—prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

2

This Court cannot calculate King's initial partial filing fee at this time for two reasons. First, King has not signed his IFP application and therefore has not attested to the truthfulness of the information on that application, as required by § 1915(a)(1). *See* Doc. No. 2 at 1. Second, the financial information regarding King's prison trust account may be incorrect; there is no explanation as to how King has received an average of $254.00 per month in deposits to his account over the past six months, yet has carried an average daily balance of $0.00 during that same period.[1] *See* Doc. No. 2 at 6.

For these reasons, King is hereby ordered to submit an amended IFP application within 20 days of this order. That IFP application must be signed and contain sufficient financial information from which this Court can calculate King's initial partial filing fee.[2] Failure to do so within 20 days will result in a recommendation that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

---

[1] The "Certificate" of King's IFP application appears to have been prepared by himself, rather than prison officials; the handwriting on the document is King's, and the prison official who purports to have signed the document identifies himself twice only as "Mr. Harper." *See* ECF No. 2 at 6. This Court asks King to procure assistance from prison officials in submitting an amended IFP application and reminds those prison officials of their obligation to assist King in procuring that financial information. *See* 28 U.S.C. § 1915(a)(2).

[2] If King elects to pursue this action, the entirety of the remaining balance of the $350.00 statutory filing fee will have to be paid in later installments, regardless of whether he succeeds in this lawsuit. King is further cautioned that his complaint, as currently pleaded, does not state a claim on which relief may be granted; indeed, this Court does not entirely understand from the complaint the nature of the claims being raised in this lawsuit. Accordingly, King should consider carefully whether it is in his best interests to commit $350.00 to this litigation.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Calvin Thomas King must submit an amended application to proceed *in forma pauperis* within 20 days of the date of this order, failing which it will be recommended that this matter be dismissed without prejudice for failure to prosecute.

2. King's motion for an order to file civil claims (Doc. No. 3) is DENIED AS MOOT. No permission is necessary for King to file new civil claims or amend his complaint at this time.

3. King's motion for an order (Doc. No. 6) is DENIED AS MOOT.

Dated: March 16, 2018                    *s/ Becky R. Thorson*
                                         BECKY R. THORSON
                                         United States Magistrate Judge